UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

DORCAS ABAYOMI for herself
and all those similarly situated,

    Plaintiffs,

V

COUNTY OF OAKLAND,
by its Board of Commissioners

    Defendant.

Case No.
Hon.

**CLASS ACTION**

_____/

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff, DORCAS ABAYOMI, both individually and as a representative of those individuals and entities similarly situated, by and through her attorneys and states as follows:

1. Defendant has illegally seized property in the form of surplus money following tax foreclosure from private individuals and entities without any compensation at all.

2. Michigan law generally allows counties to foreclose on real property in order to satisfy outstanding unpaid property taxes. But Defendant herein abuses this process. It does not foreclose on the parcel, sell it, keep the amount of outstanding taxes plus reasonable fees, and return the rest to

1

the owner. Rather, it forecloses, sells the property at a reduced amount, and keeps all of the proceeds and surplus for itself. As a result, property owners lose the entire value of their property, which is often orders of magnitude more than the outstanding tax bills.

## PARTIES

3. Plaintiff Dorcas Abayomi is named directly and as a proposed class representative by being a former owner of improved real property in Oakland County, Michigan which was foreclosed upon due to a tax delinquency but was injured by the unconstitutional acts or actions of Defendant via its unconstitutional taking of surplus proceeds. Plaintiff currently resides in the state of New York.

4. Defendant the County of Oakland by its Board of Commissioners ("Oakland County") is a named legal entity formed under and/or existing under the laws of the State of Michigan and is controlled or operated by its duly designated Board of Commissioners.

## JURISDICTION

5. This is a civil action brought seeking unpaid "just compensation" and other monetary damages against Defendant for violations of the United States Constitution.

2

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343 and 42 U.S.C. § 1983, which authorizes federal courts to hear and decide civil rights cases; 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act; and 28 U.S.C. § 1367, which authorizes supplemental state law claims.

7. Venue is proper in this Court as Defendant conducts or has conducted business in the Eastern District of Michigan.

## GENERAL ALLEGATIONS
## MICHIGAN'S TAX FORECLOSURE PROCESS

8. Like many states, Michigan provides for the taxation of real property in order to finance local governments such as counties, municipalities, and school districts and the collection of delinquent taxes.

9. However, this case involves what happens after the taxation process is completed and surplus money remains after the county is paid in full for all delinquent taxes, interest, penalties, and fees.

10. Defendant administers a foreclosure-and-auction process so that after it regularly sells a parcel at auction it retains the entire amount of the proceeds. Furthermore, even if the sale proceeds exceed the amount of the delinquent taxes – indeed, even if the proceeds far exceed the tax bill – they often do not return any of the excess to the property's former owner.

## 21023 SEMINOLE ST., SOUTHFIELD, MICHIGAN

11. Plaintiff Dorcas Abayomi was the owner of real property commonly known as 21023 Seminole St., Southfield, MI 48033, being parcel 2431351008. ("the Property")

12. On or about April 1, 2024 Defendant successfully petitioned for and seized ownership of the Property through a Judgment of Foreclosure.

13. Defendant sold the Property at a tax auction on or about August 16, 2024 for $36,750.00.

14. The sale price was much greater than any delinquency.

15. Defendant retained the surplus proceeds generated from its sale of the Property.

16. Defendant Oakland County has seized other parcels of real property from other individuals and entities in the same fashion as the Property.

## THE CONDUCT AT ISSUE REFLECTS COUNTY POLICY

17. The actions described herein is the respective voluntary policy, custom, and/or practice of Oakland County, and/or its final policymaker.

18. Defendant had a voluntary policy and/or practice sufficient to impose damages and other relief pursuant to *Monell v New York City Department of Social Services*, 436 U.S. 658 (1978), and its progeny.

19. Specifically, Defendant made the affirmative, voluntary, and discretionary decision to select and designate its own treasurer to act as the Foreclosing Governmental Unit. *See* MCL 211.78(3)-(6).

20. Moreover, the Defendant, either through enactment of laws or regulations, official agency or governmental entity policy, and/or actions taken by an official or officials with final decision-making authority has administered the County's foreclosure and auction process generally, including MCL 211.78m(8), so that after the county sells a parcel at auction, the county retains the entire amount of the proceeds, even if the proceeds exceed the amount of the tax delinquency.

21. The County's retention of surplus proceeds is an unconstitutional taking. See *Knick v. Twp. of Scott*, 139 S. Ct. 2162 (2019) and *Bowles v. Sabree* USCA, 6th Circ. 23-1256 (2024).

22. According, the actions at issue here were undertaken pursuant to an official county policy for purposes of *Monell*.

23. The actions of Defendant were designed to intentionally or wantonly cause harm due to the utter disregard of constitutionally protected rights.

## CLASS ALLEGATIONS

24. This action is brought by Plaintiff, individually and on behalf of all other respective individuals and entities who were subject to the same unconstitutional processes by the Defendant which resulted in a taking of surplus proceeds following foreclosure.

25. Plaintiff seeks certification of the following class:

> All former property owners of property located in Oakland County, Michigan whose properties were sold at a tax-foreclosure sale after January 1, 2021 for more than the amount owed in unpaid taxes, interest, penalties, and fees related to the forfeiture, foreclosure, and sale of their properties. Excluded from the class are any individuals or entities that have been compensated for surplus proceeds.

26. The number of persons who have been injured by the practices discussed herein is sufficiently numerous to make class action the most practical method to secure redress for the injuries sustained and to provide class wide equitable relief. Upon information and belief, the number of aggrieved individuals/entities exceeds 100 in number.

27. There are clear questions of fact raised by the named Plaintiff's claims common to, and typical of, those raised by the class they seek to represent, including:

    a. Oakland County is and has been acting to voluntarily enforce an unconstitutional but locally administered statute which it has

willingly assumed to undertake pursuant to its discretion under MCL 211.78;

b. each class member's property, prior to foreclosure, was sold for more than the total Tax Delinquency owed to the county and/or its treasurer;

c. Defendant kept the excess sales proceeds (i.e. the difference between the tax sale price and the total tax delinquency owed) for the benefit of the county; and

d. Defendant refuses to pay just compensation.

28. There are clear questions of law raised by the named Plaintiff's claims common to, and typical of, those raised by the class they seek to represent, including;

    a. Whether the Defendant committed an unconstitutional taking by refusing to pay just compensation when seizing surplus beyond the amount of unpaid taxes and administrative expenses, costs and interest owed in a tax delinquency, and have appropriated property in the form of excess or surplus money for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

7

      b. Whether a state law process for claiming surplus funds bars a federal takings claim for the county's retention of those proceeds.

29. The violations of law and resulting harms alleged by the named Plaintiff are typical of the legal violations and harms suffered by all class members.

30. Plaintiff, as class representative, will fairly and adequately protect the interests of the class members of Oakland County and will vigorously prosecute the suit on behalf of the class; and is represented by highly experienced counsel.

31. The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to individual members of the class and/or Defendant.

32. The Defendant has acted, failed to act, and/or is continuing to act on grounds generally against Plaintiff and all members of the class in the same manner.

33. The violations of law and resulting harms alleged by the named Plaintiff are typical of the legal violations and harms suffered by all class members

## COUNT I
## TAKING – FIFTH/FOURTEENTH AMENDMENT IN VIOLATION OF 42 USC §1983

34. Plaintiff incorporates the preceding paragraphs as if more fully set forth herein.

35. This claim is being made by Plaintiff Dorcas Abayomi, individually and as class representative, against the Defendant pursuant to 42 U.S.C. § 1983 and § 1988.

36. The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking by the defendant. *See Tyler v Hennepin*, 143 S. Ct. 1369 (2023).

37. The Defendant has taken the Plaintiff's and the class members' property interests in the form of surplus proceeds and have appropriated this property for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution. See *Tyler, Knick, and Bowles* supra.

38. Defendant has failed to pay just compensation to Plaintiff and those similarly situated.

39. Plaintiff and those similarly situated have been injured and suffered damages.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests;

A. That this matter be certified as a class action naming Plaintiff as class representative and her counsel as class counsel.

B. A declaration that Defendant's conduct is unconstitutional under the federal constitution, even if being undertaken consistent with Michigan's General Property Tax Act;

C. An award of any and all damages available under law as applicable, including but not limited to an award of nominal and punitive damages as is deemed proper against Defendant;

D. An award of interest.

E. An award of attorney fees and expenses as allowed by law;

F. Such other and different relief as is just and equitable.

/s/ Mark K. Wasvary
Mark K. Wasvary P51575
Mark K. Wasvary, P.C.
Attorneys for Plaintiff
2401 W. Big Beaver Rd, Ste 100
Troy MI  48084

10

248-649-5667

/s/ Aaron D. Cox
Aaron D. Cox P69346
Law Offices of Aaron D. Cox, PLLC
Attorneys for Plaintiff
23820 Eureka Rd
Taylor MI  48180
734-287-3664

Dated: November 16, 2024